United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: JULIUS LAMUNN NORTH        §        CIVIL ACTION NO. H-22-4393

### ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO ESTABLISH A BASIS FOR FEDERAL SUBJECT MATTER JURISDICTION

On December 19, 2022, Mr. Julius Lamunn North ("Mr. North"), filed a document titled, "U.S. Treasury — 'Letter of Credit' in Honor No. Pd-01" (Docket Entry No. 1) stating that

> [t]his "Letter of Credit" is a **Gratuitous** Arbitration document to allow for all of my requested Credit Draws to be processed: provide Advancement money for my Private usage Reimbursement of my out-of-pocket expenses per submitted Receipts.[1]

On December 20, 2022, the Clerk of the Court issued a Notice of Filing Fee Due stating in pertinent part that

> [f]iling fees are required to be paid at the commencement of any civil action.  See 28 USC § 1914.
>
> The Clerk's records do not indicate the fee has been paid in this case.  To avoid having your case dismissed for failure to pay, the fee must be paid to the Clerk. The schedule of fees can be found at www.txs.uscourts.gov/page/FeeSchedule.[2]

On the same day, i.e., December 20, 2022, the court also issued an Order for Conference and Disclosure of Interested Parties (Docket Entry No. 4), and a Notice of Case Filing (Docket Entry No. 5),

---

[1] Docket Entry No. 1.

[2] Docket Entry No. 3.

1

directing Mr. North to "[p]lease write or type the civil action number on the front of all letters and documents."

On December 27, 2022, the court issued an Order stating that "Plaintiff is **ORDERED** to file by January 17, 2023, an Amended Complaint that establishes a basis for federal jurisdiction. The failure of Plaintiff to do so may result in the dismissal of this action."[3]

On December 30, 2022, Mr. North filed a number of documents,[4] including a copy of his initial filing titled "U.S. Treasury — 'Letter of Credit' in Honor No. Pd-01" (Docket Entry No. 27).

## I. Applicable Law

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Insurance Co. of America, 377, 114 S. Ct. 1673, 1675 (1994) (citations omitted). Courts "must presume that a suit lies outside this limited jurisdiction." Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001). "Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed." Filer v. Donley, 690 F.3d 643, 646 (5th Cir. 2012). See also

---

[3]Docket Entry No. 6.

[4]Docket Entry Nos. 7-26.

2

A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Under 28 U.S.C. § 1331, a plaintiff may invoke this court's jurisdiction for any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1332, a plaintiff may invoke federal jurisdiction by alleging that there is complete diversity between plaintiffs and defendants. McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (per curiam) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" Id. (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968) (per curiam)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As a prerequisite to jurisdiction the United States Constitution requires, at a minimum, that a case presents an actual "case or controversy" as defined by article III. See United States Constitution. art. III, § 2; Flast v. Cohen, 88 S. Ct. 1942, 1949 (1968)(examining the limitations upon standing to sue in a federal court)). Standing is an element of the constitutional requirement of "case or controversy," Lang v. French, 154 F.3d 217, 222 n. 28 (5th Cir. 1998), and lack of standing deprives the court of subject matter jurisdiction. Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC), 540 F.3d 351, 354-55 n.1 (5th Cir. 2008). The basic requirements of standing, as set forth by the Supreme Court, are as follows:

> First, the plaintiff must have suffered an "injury in fact" — an invasion of a legally protected interest which is (a) concrete and particularized . . ., and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" . . . Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992) (citations omitted). Similar to standing, the ripeness doctrine requires dismissal of cases that are merely abstract or hypothetical. Choice of Texas v. Greenstein, 691 F.3d 710, 715 (5th Cir. 2012). "[E]ven where an issue presents purely legal questions, the plaintiff must show some hardship in order to

4

establish ripeness." Roark & Hardee LP v. City of Austin, 522 F.3d 533, 545 (5th Cir. 2008). The rationale behind this rule is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Greenstein, 691 F.3d at 715.

Mr. North, as the party seeking to invoke this court's jurisdiction, has the burden of establishing federal jurisdiction, include the existence of a case or controversy. See Howery, 243 F.3d at 916. See also Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992).

## II. **Application of the Law to Mr. North's Allegations**

In response the court's December 27, 2022, Order to file an Amended Complaint that establishes a basis for federal jurisdiction, Mr. North filed a number of documents, including a copy of his initial filing titled "U.S. Treasury — 'Letter of Credit' In Honor No. PD-01."[5] After carefully reviewing each of the documents that Mr. North filed on December 30, 2022, the court can find no bases for federal jurisdiction or even a case or controversy. The court finds nothing in any of the documents that Mr. North has filed that purports to assert a claim arising out of the Constitution, laws, or treaties of the United States. Nor does the court find any attempt by Mr. North to invoke this court's

---

[5]Docket Entry No. 27.

diversity jurisdiction under 28 U.S.C. § 1332, which grants jurisdiction to district courts in matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. Because none of the many documents that Mr. North has filed allege facts capable of establishing a basis for federal subject matter jurisdiction, and because the court's December 27, 2022, Order warned Mr. North that the failure to file an Amended Complaint alleging a basis for federal jurisdiction could cause this action to be dismissed, this action is **DISMISSED WITHOUT PREJUDICE** for failure to establish a basis for federal subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because Mr. North has failed to respond to the Clerk's Notice of Filing Fee Due (Docket Entry No. 3) issued on December 20, 2022, as an alternative and in addition to being dismissed for failure to establish federal subject matter jurisdiction, this action is **DISMISSED WITHOUT PREJUDICE** for failure to pay the filing fee.

**SIGNED** at Houston, Texas, this 20th day of January, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE